UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEISHA GARRETT,<br><br>Defendant. | Case No. 10-cr-00377-JSW-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 199 |

This matter comes before the Court on consideration of Defendant's motion for early termination of supervised release. The Court has considered the parties' papers, the position of the United States Probation Officer, relevant legal legal authority, and the record in this case. For the reasons that follow, the Court DENIES the motion.

Defendant bears the burden to show that early termination is appropriate. *See* United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). A court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e).").

In *Emmett*, the court emphasized that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range

of circumstances" in order to determine whether to terminate supervised release. *Id.*; *accord United States v. Miller*, 205 F.3d 1098, 1011 (9th Cir. 2000). Section 3583(e) permits "a sentencing court ... to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [Section] 3553(a)." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *Miller*, 205 F.3d at 1011). The statute does not "categorically require[] a petitioner to demonstrate undue hardship." *Emmett*, 749 F.3d at 819-20. However, the lack of undue hardship may be considered to determine whether the interest of justice warrants early termination. *Id.* at 820. A district court is not required to "tick off each of the relevant" 3553(a) factors, but it must provide an "explanation that would permit meaningful appellate review and justify the court's conclusion." *Id.* at 822.

    Defendant began her four year term of supervised release in March 2020, so she is eligible to make this motion. Defendant was convicted of a serious crime, and she does not suggest that she is suffering any undue hardship because of continued supervision. Although that is not dispositive, the Court does take it into consideration

    The record also shows Defendant has generally complied with her conditions of release and has taken affirmative steps to continue treatment and maintain stability if the Court were to grant this motion. (Declaration of Randy Pollack, ¶ 2; Dkt. Nos. 204-205 (Form 12; Report from Probation Officer.) The Court commends Defendant for her efforts thus far, but in light of the recent violation and taking into consideration the Probation Officer's position that additional supervision would benefit Defendant in terms of guidance and services, the Court DENIES the motion.

//
//
//
//
//
//

This ruling is without prejudice to Defendant renewing the motion should a change in circumstances arise or to the United States Probation Officer recommending early termination in the future.

**IT IS SO ORDERED**.

Dated: May 2, 2023

_____
JEFFREY S. WHITE
United States District Judge